Monica S. Call (#11361)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999
Email:  monica.call@stoel.com

William D. Kloss, Jr. (*pro hac vice application pending*)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6360
Facsimile:  (614) 719-4807
Email: wdklossjr@vorys.com

*Attorneys for Defendant Skullcandy, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| TRIPLENET PRICING LLC, | : | **DEFENDANT'S MOTION TO** |
| | : | **DISMISS COUNTS II, III, AND V** |
| Plaintiff, | : | **OF COMPLAINT** |
| | : | |
| v. | : | **Case No:  2:20cv00002 DBP** |
| | : | |
| SKULLCANDY, INC., | : | **Magistrate Judge Dustin B. Pead** |
| | : | |
| Defendant. | : | |
| | : | |

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

TABLE OF AUTHORITIES ............................................................... ii

I.     INTRODUCTION ..................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

     A.    Factual Allegations ........................................... 2

     B.    Procedural Background ......................................... 4

II.    LEGAL STANDARD ............................................... 5

III.    LAW AND ARGUMENT .......................................... 7

     A.    Count V Should Be Dismissed Because N.Y. Gen. Bus. Law § 369(b) Does Not Provide a Private Right of Action ......................... 7

     B.    Count II of the Complaint for Tortious Interference with Contract Fails to State a Claim for Relief ............................ 8

     C.    Count III For Intentional Interference with Prospective Business Advantage Fails to State an Actionable Claim for Relief ............................................................. 9

          1.    Triplenet's Request for Declaratory Relief Fails to Present an Actual Controversy Ripe for Adjudication .............10

          2.    Triplenet's Request for a Prior Restraint Is Prohibited by the First Amendment.................................................14

IV.    CONCLUSION......................................................... 15

CERTIFICATE OF SERVICE ............................................. 16

i

# <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

<u>CASES</u>

*Abbott Labs v. Gardner*, 387 U.S. 136 (1967).............................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................5

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 837 F. Supp. 2d 208 (S.D.N.Y. 2011)..........................................................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................5

*Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141 (10th Cir. 2013) .............................3

*Cardinal Chem. v. Morton Intl.*, 508 U.S. 83 (1993) ...............................................6

*Cisco Sys. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813 (N.D. Cal. 2019) ..............7

*Cty. of Mille Lacs v. Benjamin*, 262 F.Supp.2d 990 (D. Minn. 2003)....................11

*Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003) ............................10

*Eldridge v. Johndrow*, 2015 UT 21, 345 P.3d 553 (Utah 2015) ...............................8

*Gebremedhin v. Am. Family Mut. Ins. Co.*, Civil Action No. 13-cv-02813-CMA-NYW, 2015 U.S. Dist. LEXIS 42177 (D. Colo. Mar. 31, 2015)................6

*GFF Corp. v. Associated Whole. Gro., Inc.*, 130 F.3d 1381 (10th Cir. 1997) .........3

*Impact Prods. v. Impact Prods., LLC*, 341 F.Supp.2d 1186 (D.Colo.2004) ...........13

*Intralox, L.L.C. v. Habasit Belting, Inc.*, No. 04-840, 2004 U.S. Dist. LEXIS 12417 (E.D. La. June 30, 2004) ..........................................................................11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...............................................6

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) .....................................6

*Medtronic Navigation, Inc. v. Saint Louis Univ.*, Civil Action No. 12-cv-

01706-PAB-MJW, 2013 U.S. Dist. LEXIS 135699 (D. Colo.  Sep. 23, 2013) ................................................................................................. 11

*Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 U.S. Dist. LEXIS 200665, (S.D. Fla. Jan. 17, 2014) ....................................................... 8

*Murray Energy Holdings Co. v. Bloomberg L.P.*, No. 2:15-cv-2845, 2016 U.S. LEXIS 79199 (S.D. Ohio June 17, 2016) ...................................... 15

*N. Cty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149 (9th Cir. 2012) ..................................................................................................... 7

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ............................................... 12

*Re/Max Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882 (N.D. Ohio 2003) ................................................................................................. 11

*Scott v. Hern*, 216 F.3d 897 (10th Cir.2000) ........................................... 14

*Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F.Supp.2d 889 (D. Minn. 2012) ........................................................................................... 13

*Skullcandy, Inc. v. Filter USA, Inc.*, No. 2:18-CV-00748-DAK, 2019 U.S. Dist. LEXIS 104393 (D. Utah June 21, 2019) ...................................... 14

*St. Benedict's Development Co. v. St. Benedict's Hosp.*, 811 P.2d 194 (Utah 1991) ..................................................................................................... 8

*Sweesy v. Sun Life Assur. Co.*, 643 Fed. App'x 785, 2016 U.S. App. LEXIS 6068 (10th Cir. 2016) ............................................................................. 5

*Texas v. United States*, 523 U.S. 296 (1998) ........................................... 12

*Triplenet Pricing LLC. v. Skullcandy, Inc.*, Case 1:19-cv-05508-BMC (E.D.N.Y.) ................................................................................................. 2

*Worldhomecenter.com, Inc. v. KWC America, Inc.*, No. 10 Civ. 7781, 2011 U.S. Dist. LEXIS 104496 (S.D.N.Y. Sep. 15, 2011) ............................. 7

*Wyatt v. Gov't of the Virgin Islands*, 385 F.3d 801 (3d Cir. 2004) ......... 10

*Wyoming Bevs. v. Core-Mark Int'l*, No. 17-CV-116-F, 2018 U.S. Dist.
   LEXIS 230106 (D. Wyo. Jan. 4, 2018) ...................................................8

STATUTES

15 U.S.C. § 1114 ...........................................................................................4

15 U.S.C. § 1125 ...........................................................................................4

15 U.S.C. § 1125(a) .......................................................................................4

15 U.S.C. § 1125(c) .......................................................................................5

28 U.S.C. § 2201(a) .......................................................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) .................................................................................1

Fed. R. Civ. P. 12(b)(6) .................................................................................1

TREATISES

Article III of the U.S. Constitution ...............................................................5

## CONSTITUTIONAL PROVISIONS

N.Y. Gen. Bus. Law § 369(b) .......................................................................1

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Skullcandy, Inc. ("Skullcandy") requests this Court (i) dismiss Counts II, III, and V of Plaintiff Triplenet Pricing LLC's ("Triplenet") Complaint because they fail to state a claim for relief and (ii) otherwise dismiss Count III because its allegations do not invoke the subject matter jurisdiction of this Court.  Count II purports to bring a claim for tortious interference with contract, but it alleges no actionable injury.  In addition, Count III purports to bring a declaratory relief claim for intentional interference with prospective economic advantage; but it does not allege an actual controversy ripe for adjudication, and it requests an impermissible prior restraint. Finally, Count V purports to bring a claim pursuant to N.Y. Gen. Bus. Law § 369(b), but this New York statute does not provide a private right of action for declaratory judgment.

## I.   <u>INTRODUCTION</u>

Triplenet is an unauthorized seller of Skullcandy products on www.amazon.com.  Triplenet improperly sells products that are not subject to Skullcandy's quality control requirements, nor covered by Skullcandy's limited warranty.  Not surprisingly, Triplenet fails to inform consumers to whom it illegally sells Skullcandy products about these facts.  Upon discovering the truth, consumers become frustrated, confused and disappointed with their purchase, which

correspondingly erodes Skullcandy's reputation in the marketplace.  Skullcandy demanded that Triplenet cease and desist selling Skullcandy products.  Instead of doing so, Triplenet improperly filed this action in New York District Court.

Triplenet's claim under N.Y. Gen. Bus. Law § 369(b) fails as a matter of law because the statute does not allow for a private cause of action.  Triplenet's tortious interference claim fails because Triplenet has failed to allege an actual injury (because there has been none).  Finally, Triplenet's claim for declaratory relief claim for intentional interference with prospective economic advantage fails because it does not allege an actual controversy and requests an impermissible prior restraint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Allegations

Triplenet filed its complaint on September 28, 2019, in New York federal court captioned *Triplenet Pricing LLC. v. Skullcandy, Inc*., Case 1:19-cv-05508-BMC (E.D.N.Y.) (the "New York Action").  (Dkt. No. 1, Complaint "Compl.").  Triplenet alleges its sales of products manufactured by Skullcandy and bearing Skullcandy trademarks do not infringe Skullcandy's trademarks.  (Compl. ¶¶ 16-28.).

Triplenet's Complaint asserts a claim for tortious interference with contract (*id.* ¶¶ 29-33, Count II) and intentional interference with prospective

2

economic advantage (*id*. ¶¶ 34-37, Count III).  Triplenet alleges that Skullcandy threatened to sue Triplenet for infringement by "falsely claiming that it has engaged in the sales of counterfeit Skullcandy products through its online Amazon storefront."  (*Id*. ¶ 4.)  Triplenet alleges Skullcandy sent cease and desist letters claiming that Triplenet is selling counterfeit Skullcandy products.  (*Id*. ¶¶ 22, 37.)  Triplenet alleges that these "threats of legal action" seek to "shut down its sales through its internet carriers."  (*Id*. ¶ 32; *accord id*. ¶ 36.)[1]  Triplenet claims Skullcandy's letters are "unfair" and are "for the sole purpose of harming Triplenet's relationship with its website operators."  (*Id*. ¶ 37.)

Triplenet does not allege that Skullcandy has contacted any third party concerning Triplenet's activity.  (*See generally* Compl.)  Triplenet does not allege that any third party terminated its relationship with Triplenet or took any adverse action against Triplenet because of Skullcandy.  (*See generally id*.)  Nor does Triplenet allege any resulting injury associated with its claims for tortious interference and intentional interference with prospective economic advantage.  (*See*

---

[1] While Skullcandy accepts all well-pled allegations in the complaint as true for purposes of this motion, it appears as if plaintiff implies that the cease and desist letters threatened to take action against any third parties like Amazon.  Because these documents are "incorporated by reference in the complaint" and "referred to and central to the complaint," Skullcandy attaches them for proper consideration by this Court on a motion to dismiss pursuant to Rule 12(b)(6).  *See Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1146 (10th Cir. 2013) (quoting *GFF Corp. v. Associated Whole. Gro., Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997)).  The letters contain no threats to contact third parties.  (*See* Kloss Decl., Ex. A-E.)

*id.* ¶¶ 29-33, 34-37; *see also generally id.*)  In short, Counts II and III of Triplenet's Complaint are based solely on its receipt of Skullcandy's cease and desist letters. (*Id.* ¶¶ 32, 36-37.)

Triplenet also asserts a claim for a declaratory judgment under N.Y. Gen. Bus. Law § 369(b).  (*Id.* ¶¶ 47-50, Count V.)  Specifically, Triplenet alleges that Skullcandy refuses to extend its warranty to products purchased from unauthorized sellers.  (*Id.* ¶ 48.)  Triplenet alleges that this violates N.Y. Gen. Bus. Law § 369(b).  (*Id.* ¶ 49.)  Thus, Triplenet seeks a declaration prohibiting Skullcandy from refusing to extend its warranty to products sold by unauthorized dealers. (*Id.* ¶ 50.).

## B.    Procedural Background

On November 18, 2019, in accordance with the local rules of the New York District Court, the parties jointly submitted a pre-motion letter to Judge Cogan in the New York Action.  (Dkt. No. 13.)  In the letter, Skullcandy indicated its intention to file a motion challenging jurisdiction and venue in the New York court. Skullcandy also made clear that after the jurisdictional and venue issues are resolved it will file counterclaims for trademark infringement (15 U.S.C. § 1114 and 15 U.S.C. § 1125), unfair competition (15 U.S.C. § 1125(a)), trademark dilution

(15 U.S.C. § 1125(c)), and tortious interference with contracts and business relationships under state law.  (*Id.* at 3.)

Judge Cogan held a pre-motion hearing.  After considering the parties' arguments and post–argument briefs, Judge Cogan transferred the New York Action to this Court.  (*See* Dkt. No. 19.)  Triplenet has not withdrawn any of its claims.  (*See generally* Dkt.)

## II.    LEGAL STANDARD

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  Only well-pled facts in a complaint are accepted as true. *Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1144-45 (10th Cir. 2013). Conclusory allegations and legal conclusions need not be accepted. *See id.*; *Sweesy v. Sun Life Assur. Co*., 643 Fed. App'x 785, 789, 2016 U.S. App. LEXIS 6068, *10 (10th Cir. 2016).

A court can dismiss a case for lack of subject-matter jurisdiction upon motion of a party or *sua sponte*.  *See* Fed. R. Civ. P. 12(b)(1).  Article III of the U.S.

Constitution requires a petitioner for relief to show that he has "suffered an injury in fact" caused by "the conduct complained of" and that "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (internal quotation marks omitted). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *See Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967).

A court may review a claim to "declare the rights and other legal relations of any interested party seeking such declaration." *See* 28 U.S.C. § 2201(a). However, to state a claim for declaratory relief, a plaintiff's allegations must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The burden of establishing an actual case or controversy is on the party seeking declaratory judgment. *Gebremedhin v. Am. Family Mut. Ins. Co.*, Civil Action No. 13-cv-02813-CMA-NYW, 2015 U.S. Dist. LEXIS 42177, at *9 (D. Colo. Mar. 31, 2015) (granting motion to dismiss) (citing *Cardinal Chem. v. Morton Intl.*, 508 U.S. 83, 95 (1993)).

## III.   LAW AND ARGUMENT

### A.   Count V Should Be Dismissed Because N.Y. Gen. Bus. Law § 369(b) Does Not Provide a Private Right of Action

Count V fails as a matter of law because N.Y. Gen Bus. Law § 369(b) does not allow for a private cause of action.  *Cisco Sys. v. Beccela's Etc., LLC*, 403 F. Supp. 3d 813, 825-26 (N.D. Cal. 2019); *Worldhomecenter.com, Inc. v. KWC America, Inc.*, No. 10 Civ. 7781, 2011 U.S. Dist. LEXIS 104496, at *24-25 (S.D.N.Y. Sep. 15, 2011).  Nor does the statute provide a basis for bringing a claim for declaratory judgment.  *See Cisco Sys.*, 403 F. Supp. 3d at 825-26 (dismissing with prejudice claim asserting that defendant's practice violated the statute); *Worldhomecenter.com*, 2011 U.S. Dist. LEXIS 104496, at *23-25 (same); *see also N. Cty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1161 (9th Cir. 2012) (prohibiting declaratory judgment claims based on statutes lacking a private right of action).[2]  Count V should be dismissed.

---

[2] Even if Triplenet has standing under § 369(b), the claim is still deficient.  Section 369(b) applies only to "New York transactions" where "some part of the underlying transaction" was "completed" in New York.  *See Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 837 F. Supp. 2d 208, 228-31 (S.D.N.Y. 2011).  Triplenet alleges no facts indicating that any of its products are sold in "New York transactions," and has therefore failed to show that § 369(b) even applies to any of the products bearing Skullcandy's trademarks that it sells.  (*See generally* Compl.)

**B.**     **Count II of the Complaint for Tortious Interference with Contract Fails to State a Claim for Relief**

Triplenet's claim for tortious interference with contract fails because the Complaint does not allege any cognizable injury.  A claim for tortious interference with contract requires "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) . . . by improper means, (3) causing injury to the plaintiff." *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553, 565 (Utah 2015).  Pleading injury requires an allegation that a contract has been breached or that a party's performance of its rights has been impaired.  *See St. Benedict's Development Co. v. St. Benedict's Hosp.,* 811 P.2d 194, 200-01 (Utah 1991)* (dismissing claim for failure to allege injury); *Wyoming Bevs. v. Core-Mark Int'l,* No. 17-CV-116-F, 2018 U.S. Dist. LEXIS 230106, at *28 (D. Wyo. Jan. 4, 2018) (applying Utah law and dismissing claim for failure to plead breach of contract).

In *Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV, 2014 U.S. Dist. LEXIS 200665, (S.D. Fla. Jan. 17, 2014), a Florida federal court applying a similar standard addressed the same issue presented in this case.  The *Miracle* court held that a cease and desist letter asserting a party's trademark rights cannot constitute tortious interference absent an allegation that the letter adversely affected the plaintiff's relationship with a third party.  *Id.* at *10-12.  ("But nowhere does Halo

Couture allege that its customers—whether specified or not—were affected by Miracle 7's cease-and-desist notice and assertion of trademark rights or that its customers were even aware of these developments.").

Triplenet's tortious interference claim fails to allege any injury (because it cannot). Triplenet does not claim any third party breached or terminated any relationship with Triplenet, nor that any of Triplenet's rights have been impaired. Moreover, Triplenet makes no allegation of damages or loss, even in conclusory fashion. Rather, Triplenet only speculatively alleges that Skullcandy will "seek[] to shut down its sales through its internet carriers" (*See* Compl. ¶ 32.)[3] Because Triplenet alleges no breach of contract, no impairment of rights in any third party relationship, and no loss of any kind, Count II should be dismissed.

### C.   Count III For Intentional Interference with Prospective Business Advantage Fails to State an Actionable Claim for Relief

Pursuant to Fed. R. Civ. P. 12(b)(1), Triplenet's claim for intentional interference with prospective economic advantage should be dismissed for lack of subject matter jurisdiction because the claim is not ripe and does not state an actual controversy. Furthermore, pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails

---

[3] Triplenet does not request declaratory relief as part of Count II. (*See* Compl. ¶¶ 29-33.) Nevertheless, such a request would not invoke the subject matter jurisdiction of this Court for the same reasons that Count III fails. *See infra*, Section III(C)(1).

to state a claim for relief because it requests an improper prior restraint prohibited by the First Amendment.

### 1.   Triplenet's Request for Declaratory Relief Fails to Present an Actual Controversy Ripe for Adjudication

In Count III of its Complaint, like in Count II, *see supra* Section III(B), Triplenet has not identified any relationship that has been harmed or any damage that Triplenet has suffered.   *See* Compl. ¶¶ 35-37.   Rather, Triplenet seeks declaratory judgment to protect against potential <u>future</u> harm arising from Skullcandy's <u>threat</u> to combat Skullcandy's improper actions.   (*See id*. ("These intended unfair representations *will be made* by Defendant…" (emphasis added).) However, alleging a speculative inchoate tort does not invoke the subject matter jurisdiction of this Court under the Federal Declaratory Relief Act.

Declaratory relief can be appropriate where it requests a "decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Wyatt v. Gov't of the Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004).   A declaratory claim can proceed if it will settle the legal issues involved or will "finalize the controversy and offer relief from uncertainty." *Dow Jones & Co. v. Harrods Ltd*., 346 F.3d 357, 359 (2d Cir. 2003).

For instance, declaratory judgment can request clarity as to a disputed contract interpretation or a question of infringement based on settled facts.

*Medtronic Navigation, Inc. v. Saint Louis Univ.*, Civil Action No. 12-cv-01706-PAB-MJW, 2013 U.S. Dist. LEXIS 135699, at *25 (D. Colo.  Sep. 23, 2013))). However, inchoate tort claims and claims to prospectively adjudicate hypothetical future injury are not ripe claims and do not present an actual controversy.  *See Cty. of Mille Lacs v. Benjamin*, 262 F.Supp.2d 990, 997-998 (D. Minn. 2003) ("An amorphous threat of future liability alone does not result in injury.  If such an inchoate claim could support standing, a court could intervene whenever any entity faced the possibility of future litigation."); *Re/Max Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882, 903-905 (N.D. Ohio 2003) (dismissing request for declaration contingent upon the defendant successfully recruiting others to join boycott). Further, declaratory judgment is not appropriate where it would require "speculat[ion] on multiple issues of law and fact."  *Intralox, L.L.C. v. Habasit Belting, Inc.*, No. 04-840, 2004 U.S. Dist. LEXIS 12417, at *13-14 (E.D. La. June 30, 2004) (denying request to declare that actions violate antitrust law—distinguishing the claim from permissible requests to clarify rights to a patent or obligations under a contract).

   In line with these principles, the Third Circuit has held that two cease and desist letters from the Commissioner of the Virgin Islands Department of Labor that put plaintiffs in fear of "potential future administrative or judicial action" was

not a ripe controversy.  *See Wyatt*, 385 F.3d at 808.  The claim depended "upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *See id.* at 806-808 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (finding plaintiffs lacked standing to complain of an injury that would occur "if they proceeded to violate an unchallenged law and if they [were] charged, held to answer and tried in any proceedings").

Here, Triplenet does not allege a justiciable controversy.  Rather, it asks this Court to declare that Skullcandy's hypothetical future communications would constitute intentional interference with prospective economic advantage.  Such a request seeks declaratory relief for an inchoate claim and is improper.  *See Cty. of Mille Lacs*, 262 F.Supp.2d at 997-998; *see also Intralox, L.L.C.*, 2004 U.S. Dist. LEXIS 12417, at *13-14.  In essence, Triplenet's intentional interference claim seeks an impermissible advisory opinion on hypothetical future events.  *See Wyatt*, 385 F.3d at 808.  This would require the Court to engage in hypothetical fact finding well before the existence of an actionable dispute for several reasons.

*First*, the claim requires this Court to assume Skullcandy will take future action and that any future action will involve some third party like Amazon.  *Second*, the Court would have to speculate as to the hypothetical content of

hypothetical future communication to determine whether it is actionable as "improper means" and constitute tortious interference.  *See Eldridge*, 2015 UT 21, ¶ 70 (applying the same tortious interference standard to intentional interference with prospective business advantage).  *Third*, the Court would have to speculate that the hypothetical third-party (like Amazon) would act upon any such communication *and* that the third-party's action would injure Triplenet.  All of these uncertainties prevent this Court from making any decree of a useful or conclusive character.

Moreover, to the extent this Court believes it would have discretion to declare alleged inchoate threats to constitute tortious interference, this case is particularly unsuitable to exercise such discretion because the alleged hypothetical communications concern attempts to enforce trademark rights.   Good-faith enforcement of trademark rights, including cease and desist letters, is generally privileged.  *See Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F.Supp.2d 889, 894-96 (D. Minn. 2012) (dismissing tortious interference with contract counterclaim); *see also Impact Prods. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1191 (D. Colo. 2004) (finding cease and desist letters were not "express aiming" because they were not sent in "bad faith" and dismissing complaint).  Skullcandy has good reason to pursue unauthorized sellers who lack genuine quality controls. *See*, *e.g*., *Skullcandy, Inc. v. Filter USA, Inc.*, No. 2:18-CV-00748-DAK, 2019 U.S.

Dist. LEXIS 104393, at *27 (D. Utah June 21, 2019) (holding Skullcandy adequately pled Lanham Act and related claims arising out of the unauthorized sale of materially different goods and denying defendants' motion to dismiss).  While the Tenth Circuit has declined to apply absolute tort immunity to cease and desist letters, it nonetheless recognizes that the First Amendment may permit courts to set limits on liability.  *See Scott v. Hern*, 216 F.3d 897, 914 (10th Cir.2000) (collecting decisions where courts limited liability for tortious interference claims).

Thus, permitting a declaratory judgment action here would require the Court to engage in additional fact finding as to Skullcandy's good faith in sending hypothetical communications before the Court could determine whether those letters constitute "improper means" of interference.  Such speculation "on multiple issues of law and fact in a complicated business environment" makes this claim a particularly unsuitable candidate for declaratory relief.  *See Intralox, L.L.C.*, 2004 U.S. Dist. LEXIS 12417, at *13-14.  Simply put, Count III is not ripe for adjudication and should be dismissed.

## 2. Triplenet's Request for a Prior Restraint Is Prohibited by the First Amendment

Even if Triplenet could plead an actual controversy, its request for this Court to declare Skullcandy's allegedly threatened communications (again there is no such threat in the cease and desist letters) with a third-party to be unlawful is a

prohibited prior restraint.  A request for declaratory judgment to prevent a party's communication with a third party is an impermissible prior restraint.  *See Murray Energy Holdings Co. v. Bloomberg L.P.*, No. 2:15-cv-2845, 2016 U.S. LEXIS 79199, at *36-37 (S.D. Ohio June 17, 2016) (dismissing declaratory claim filed in conjunction with a trade secret misappropriation claim for seeking to "arrest the future speech of a defendant as a result of his past conduct" in violation of First Amendment).  As in *Murray Energy Holdings*, a request to declare "the further publication of information unlawful" would operate as an injunction, making the request a "run-of-the-mill case of unconstitutional prior restraint."  *See id*.  It is well settled that commercial self-interest is not a superior interest to justify imposing a prior restraint.  *See id.* at *37-38.  Count III should be dismissed.

## IV.    **CONCLUSION**

For these reasons, Skullcandy respectfully requests that this Court grant enter an order dismissing Counts II, III, and V of Triplenet's Complaint.

 Dated: January 17, 2020.

STOEL RIVES, LLP


By: */s/ Monica S. Call*
         Monica S. Call

         *Attorneys for Defendant*
         *Skullcandy, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of January, 2020, a copy of the

foregoing **DEFENDANT'S MOTION TO DISMISS COUNTS II, III, AND**

**V OF COMPLAINT** has been served upon the following via CM/ECF notice:

**Robert T. Spjute**
tee@shumwayvan.com
SHUMWAY VAN LLC
8 EAST BROADWAY STE 550
SALT LAKE CITY, UT 84111
(801) 478-8080

**Edward S. Antar**
**Solomon E. Antar**
solomon@antarlawfirm.com
ANTAR LAW FIRM, PLLC
26 COURT ST, STE 1200
BROOKLYN, NY 11242
(917)544-5216

*/s/ Stacy Kamaya*